USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/25/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KAITLIN LALLY,

                    Plaintiff,

        -against-

KLICK USA, INC. d/b/a KLICK HEALTH,
ARI SCHAEFER, ALEXANDER LEAVITT,
MEGHAN JONES, CATHERINE
MACINNIS, and JOHN DOE NOS. 1-2,

                    Defendants.

---

1:23-cv-10293 (MKV)

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO STRIKE**

MARY KAY VYSKOCIL, United States District Judge:

       Plaintiff Kaitlin Lally filed this action against Defendants Klick USA, Inc. ("Klick"), Ari Schaefer, Alexander Leavitt, Meghan Jones, Catherine MacInnis, and two John/Jane Doe Defendants (collectively, "Defendants") on November 22, 2023. [ECF No. 1]. By stipulation, [ECF No. 24], Plaintiff filed an amended complaint. [ECF No. 25] ("First Amended Complaint" or "FAC"). Plaintiff's First Amended Complaint alleges violations of the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and state law. FAC ¶¶ 69-125.

       After the Court partially granted their motion to dismiss, [ECF No. 39], Defendants filed their Answer to the First Amended Complaint. [ECF No. 44 ("Answer")]. Thereafter, Plaintiff moved to strike the Seventh and Eighth Affirmative Defenses from Defendants' Answer under Rule 12(f) of the Federal Rules of Civil Procedure. [ECF No. 54] ("Notice of Motion to Strike"). For the reasons stated herein, Plaintiff's motion to strike is DENIED.

**BACKGROUND**

Plaintiff is a former employee of Klick.  FAC ¶ 1.  Plaintiff alleges that she suffers from a disability which prevents her brain from producing essential hormones.  FAC ¶ 2.  Her disability "is exacerbated by extreme stress" and can be life-threatening.  FAC ¶¶ 2-3.  Defendants are Klick, "a global service provider of business consulting and marketing services for the commercialization of healthcare and life sciences," and some of its senior employees.  FAC ¶¶ 18-23.

Defendant Klick employed Plaintiff for a little over one year, from November 30, 2021 until her termination on December 13, 2022.  FAC ¶¶ 36, 54.  During her job interview, Plaintiff allegedly told her interviewer "the full details of her . . . disability," including her need for additional leave.  FAC ¶¶ 34-35.  Plaintiff also allegedly told numerous senior Klick employees about her disability once she began working.  FAC ¶¶ 38-40.

On Thursday, December 8, 2022, Plaintiff told one of Klick's senior employees that she would need to take Friday and Monday off from work to manage her disability.  FAC ¶ 49.  She received approval for the time off.  FAC ¶ 50.  Plaintiff developed a cold over the weekend and told the same senior employee that she would also need to take Tuesday off work.  FAC ¶ 51.  She again received approval for the time off.  FAC ¶ 52.  That Tuesday, other senior Klick employees called Plaintiff via Zoom and informed her that she was terminated effective immediately.  FAC ¶ 54.  Over the following days, senior Klick employees allegedly gave Plaintiff inconsistent reasons for her termination.  FAC ¶¶ 54-59.  Additionally, senior Klick employees allegedly spread the

"false and defamatory" story that at the time of her termination Plaintiff was on a performance improvement plan, implying that her termination was performance-based.  FAC ¶ 61.

In late December Plaintiff allegedly suffered a "life-threatening health crisis" and had to take emergency medications because of the stress induced by her termination.  FAC ¶¶ 64-66.

## LEGAL STANDARD

Under Rule 12(f), "a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A district court "has discretion when deciding whether to strike an affirmative defense."  *Gupta v. New Silk Route Advisors, L.P.*, No. 19-CV-9284 (PKC), 2021 WL 1812202 (S.D.N.Y. May 5, 2021).  However, "[m]otions to strike affirmative defenses under Rule 12(f) are disfavored," and the standard is a demanding one.  *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. M.C.F. Assocs., Inc.*, 530 F. Supp. 3d 460, 464 (S.D.N.Y. 2021).

Three factors determine whether or not a district court should strike an affirmative defense from a defendant's answer.  First, a court must decide whether "there is no question of fact which might allow the defense" to meet the *Twombly* plausibility standard applicable to pleadings. *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 96 (2d Cir. 2019).  The short pleading timeline for answers and less readily available facts warrant a "relaxed application of the plausibility standard" to affirmative defenses.  *Id*. at 98.  Second, a court must decide whether "there is no question of law which might allow the defense to succeed."  *Id*. at 96 (quoting *S.E.C. v. McCaskey*, 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999)).  "[A]n affirmative defense is improper and should be stricken if it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims."  *Id*. at 98.  Finally, a court must decide whether "the plaintiff would be prejudiced

by inclusion of the defense." *Id*. at 96. "A factually sufficient and legally valid defense should always be allowed if timely filed even if it will prejudice the plaintiff by expanding the scope of the litigation." *Id*. at 98.

## DISCUSSION

Plaintiff's motion to strike concerns Defendants' Seventh and Eighth Affirmative Defenses: that "Plaintiff violated her employment agreement after her termination by contacting one or more clients she knew to have been a client of Klick," Answer at 34; and that "Plaintiff violated her employment agreement after her termination by making disparaging or derogatory comments about Klick," *id*. The Parties have filed a slew of memoranda and letters supporting and opposing Plaintiff's Motion to Strike. [ECF Nos. 47, 50, 55, 59, 60].

## I. Questions of Fact Might Allow Defendants' Seventh and Eighth Affirmative Defenses to Satisfy *Twombly* and *Iqbal*

Plaintiff cites *GEOMC* for the proposition that the *Twombly* pleading standard applies to affirmative defenses. [ECF No. 55 at 4]. She is correct. But Plaintiff fails to note that the application of *Twombly* to affirmative defenses is a "context-specific" task shaped by both the timeline to answer a complaint and the availability to the Defendant of the facts underlying the affirmative defense. *GEOMC Co.*, 918 F.3d at 98.

Here, Defendants did not have ready access to the facts that would support their Seventh or Eighth Affirmative Defenses because both turn on Plaintiff's private conduct after her termination. *See Sec. & Exch. Comm'n v. Leibowitz*, No. 1:25-CV-02155 (JLR), 2025 WL 2056026 at *7 (S.D.N.Y. July 23, 2025) (The plausibility standard should be applied with less

rigor to an affirmative defense where Defendant has not had "the benefit of discovery to further develop a defense based on the . . . actions of other entities and individuals.").

Additionally, both of the district court cases cited by Plaintiff are inapposite. Plaintiff cites *Sabby Volatility Warrant Master Fund Ltd. v. Safety Shot, Inc.*, No. 24 CIV. 920 (NRB), 2025 WL 833871 (S.D.N.Y. Mar. 17, 2025), for the proposition that an affirmative defense is properly stricken where the defendants failed to plead sufficient facts to support the defense. [ECF No. 55 at 5]. However, the defendant in *Sabby* raised the contested affirmative defenses for the first time well into the course of discovery. *See Sabby Volatility Warrant Master Fund Ltd.*, 2025 WL 833871, at *4 ([d]espite the discovery that has already occurred, all [defendant] can say at this point is that it has some unspecified good reason to believe that [plaintiff] conspired with other hedge funds to manipulate the price of [defendant's] securities") (internal quotation marks omitted). In contrast, Defendants raised both of the affirmative defenses at issue here in their Answer several months prior to a case management plan being in place. *See* Answer, [ECF No. 58].

Plaintiff also cites *Trustees of New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Education & Industry Fund v. M.C.F. Associates., Inc.*, 530 F. Supp. 3d 460 (S.D.N.Y. 2021), for the proposition that an affirmative defense is properly stricken where defendants made only conclusory allegations. [ECF No. 55 at 5]. However, the affirmative defense at issue in *M.C.F. Associates* alleged a patchwork of misconduct over a fifty-year timespan, disconnected from the particular dispute between the plaintiff and the defendant. *M.C.F. Associates., Inc.*, 530 F. Supp. 3d at 466. In contrast, both of

the affirmative defenses at issue here allege two discrete examples of misconduct relevant to the present dispute: contacting former clients of Klick and disparaging Klick.  Answer at 34.

## II.     Questions of Law Might Allow Defendants' Seventh and Eighth Affirmative Defenses to Limit Plaintiff's Recovery

Plaintiff alleges that Defendants' Seventh and Eighth Affirmative Defenses "are not legally sufficient to prevent [Plaintiff] from prevailing on her claims."  [ECF No. 55 at 6-7].

While Plaintiff may ultimately turn out to be correct, it cannot be said with the requisite legal certainty at this stage in the litigation that Defendants affirmative defenses fail as a matter of law.  Instead, there remains a "question of law which might allow the defense to succeed." *GEOMC Co.*, 918 F.3d at 96 (quoting *McCaskey*, 56 F. Supp. 2d at 326).

In a discrimination case, under the doctrine of after-acquired evidence, a former employee's misconduct ***while still employed*** may limit his or her recovery against a former employer, even if the former employer discovers the misconduct only after wrongfully terminating that employee.  *See McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352 (1995).[1]  However, the Second Circuit has not addressed the application of the after-acquired evidence doctrine to ***post-termination*** misconduct.

Plaintiff is correct to note that, in the absence of guidance on this issue from the Second Circuit, courts in this District have held that the after-acquired evidence doctrine applies only to pre-termination misconduct.  *See Sigmon v. Parker Chapin Flattau & Klimpl*, 901 F. Supp. 667, 682 (S.D.N.Y. 1995) ("[t]he *McKennon* decision is premised on the employee's misconduct

---

[1] *McKennon* was an ADEA case. However, *McKennon*'s language was sweeping, and, moreover, courts within this Circuit have applied the doctrine of after-acquired evidence applies in other contexts. *See McKennon*, 513 U.S. at 357 (holding that the ADEA is "but part of a wider statutory scheme to protect employees in the workplace nationwide," which also includes the ADA); *see also Xu-Shen Zhou v. State Univ. of New York Polytechnic Inst.*, 776 F. App'x 714 (2d Cir. 2019) (summary order) (applying the doctrine of after- acquired evidence to a Title VII lawsuit); *Adduci v. Yankee Gas Servs. Co.*, 207 F. Supp. 3d 170 (D. Conn. 2016) (considering the doctrine after-acquired evidence in an ADA lawsuit).

occurring *during* her employment") (emphasis added).  As noted, the Second Circuit has not decided this question.  And other Circuits have entertained the possibility that the after-acquired evidence doctrine might apply to post-termination misconduct.  *See Sellers v. Mineta*, 358 F.3d 1058, 1063 (8th Cir. 2004) ("[W]e cannot establish a bright-line rule and foreclose the possibility that a . . . plaintiff's post-termination conduct may, under certain circumstances, limit the remedial relief available to the plaintiff."); *see also Medlock v. Ortho Biotech, Inc.*, 164 F.3d 545, 555 (10th Cir. 1999) ("[W]e do not foreclose the possibility that in appropriate circumstances the logic of *McKennon* may permit certain limitations on relief based on post-termination conduct.").

The courts in this District that have found the after-acquired evidence doctrine inapplicable to post-termination misconduct may well be correct, but absent a Second Circuit ruling, the question cannot be considered closed.  *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (quotation omitted) (citation omitted).

This Court is simply not prepared to rule the affirmative defenses legally deficient at the pleading stage.  Courts have more leeway to make dispositive decisions on unsettled legal issues in contexts like the ones to which Plaintiff cites, in which the factual record is fully developed. *See Sigmon v. Parker Chapin Flattau & Klimpl*, 901 F. Supp. 667, 682 (S.D.N.Y. 1995) (finding the after-acquired evidence doctrine inapplicable to post-termination misconduct in an order on a motion for summary judgment); *Mugavero v. Arms Acres, Inc.*, No. 03CIV05724 (PGG), 2009 WL 1904548, at *7 (S.D.N.Y. July 1, 2009) (finding the after-acquired evidence doctrine inapplicable to post-termination misconduct in an order on motions in limine);  *Penberg v. HealthBridge Mgmt.*, No. 08 CV 1534 (CLP), 2012 WL 13103710, at *2 (E.D.N.Y. Jan. 20, 2012)

(finding the after-acquired evidence doctrine inapplicable to post-termination misconduct in an order on motions in limine). At this stage, Defendants need only show that there is some "question of law which *might* allow the defense to succeed." *GEOMC Co.*, 918 F.3d at 96 (quoting *McCaskey*, 56 F. Supp. 2d at 326) (emphasis added).

The proper application of the after-acquired evidence doctrine to post-termination misconduct is precisely such a question: Defendants' Seventh and Eighth Affirmative Defenses concern actions Plaintiff allegedly took and statements Plaintiff allegedly made after her termination in violation of her employment agreement. Because a motion to strike "should not be used as an opportunity for the determination of disputed, substantial questions of law," *Rich v. Miller*, 634 F. Supp. 3d 66, 72 (S.D.N.Y. 2022) (quotations omitted), the Court declines at this early stage in the litigation to strike Defendants' affirmative defenses.

Finally, the after-acquired evidence doctrine is a proper affirmative defense. An affirmative defense is "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." *Defense*, BLACK'S LAW DICTIONARY (12th ed. 2024). If Defendants' Seventh and Eighth Affirmative Defenses are successful then Plaintiff will not be entitled to the full range of remedies she seeks in her First Amended Complaint. FAC at 27-28.

## III.    Plaintiff Will Not be Prejudiced by Permitting Defendants' Seventh and Eighth Affirmative Defenses to Remain in the Action

Plaintiff asserts that permitting Defendants' Seventh and Eighth Affirmative Defenses to remain in the action would be prejudicial because "the potential expansion of the litigation . . . will increase the time and expense of discovery and trial." [ECF No. 55 at 8]. More specifically, Plaintiff claims that this Court will have to broaden discovery to include both Plaintiff's

communications concerning Klick and Plaintiff's employment agreement with Klick. [ECF No. 64 at 6-7].

Plaintiff's concerns are purely speculative at this stage in the litigation. Plaintiff has failed to "quantify" her discovery burden, relying instead upon "generic speculation about potential additional discovery." *Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, No. 19CIV9193PGGSLC, 2021 WL 4173929 at *6 (S.D.N.Y. Sept. 14, 2021). This Court will deal with overly broad discovery demands should they arise in the ordinary course of this litigation.

## CONCLUSION

For the reasons discussed above, IT IS HEREBY ORDERED that Plaintiff's motion to strike is DENIED without prejudice.

The Clerk of Court is respectfully requested to terminate the motion pending at docket entry 54.

**SO ORDERED.**

Date:  **November 25, 2025**
       **New York, NY**

_____
        **MARY KAY VYSKOCIL**
       **United States District Judge**