UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KAITLIN LALLY,

                            Plaintiff,                         23-CV-10293 (MKV) (VF)

        -against-                                  **<u>ORDER</u>**

KLICK USA INC. d/b/a KLICK HEALTH et al.,

                           Defendants.

-----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On December 4, 2025, the parties raised a discovery dispute regarding certain comparator information related to Plaintiff's pay disparity claim. ECF No. 77. On December 8, 2025, the parties raised a dispute regarding the deposition of Brad Fernandes, a Klick human resources employee. ECF Nos. 78, 80, 83, 84. On December 9, 2025, the Honorable Mary Kay Vyskocil referred both disputes to the undersigned. ECF No. 79. A conference to address these disputes was held on December 18, 2025. The Court has reviewed all of the submissions concerning these disputes submitted by the parties.

As discussed at the conference, the Court hereby reopens the deposition of Mr. Fernandes, and directs Defendant to make Mr. Fernandes available at a date and time that is mutually aggregable to both sides. The deposition is limited to two topics: Mr. Fernandes' past employment history and Klick's policies and procedures. Fact discovery is reopened for the limited purpose of completing the reopened deposition of Mr. Fernandes. Mr. Fernandes is hereby directed to answer questions posed by Plaintiff's counsel concerning his past employment. Absent the existence of an attorney-client privilege or basis for a motion under Rule 30(d)(3), Mr. Fernandes must answer the questions asked by Plaintiff's counsel.

1

The comparator information requested by Plaintiff is relevant and appropriate, given the deposition testimony of Klick President, Ari Schaefer. Mr. Schaefer testified that he recalled reviewing the salaries of five to ten "other Senior Account Directors in the New York area." ECF No. 77 at 2. Additionally, there are no other New York-based Senior Account Directors who reported to Erin Bouldin in 2022. Consequently, the only potential comparator data that may exist relates to all Senior Account Directors in the New York and/or New Jersey area in 2022. Such comparator data is plainly relevant to Plaintiff's pay-disparity suit. See Benzinger v. Lukoil Pan Americas, LLC, 447 F. Supp. 3d 99, 118 (S.D.N.Y. 2020) ("Because unequal pay is a relative concept, the key inquiry is whether the plaintiff has provided adequate comparators who are similarly situated in all material respects."). And, contrary to Defendant's argument, the fact that Plaintiff identified only a single Senior Account Director in her complaint with whom she alleged a pay disparity does not limit the discovery she can obtain now concerning other potential pay disparities, where, as here, the information still relates to individuals with the same job title as the individual identified in the complaint (i.e., Senior Account Director). See Felder v. Warner Bros. Discovery, No. 23-CV-08487 (AT) (GS), 2025 WL 1718098, at *4 (S.D.N.Y. June 20, 2025) (explaining that "[d]iscovery into potential comparators is a well-recognized purpose of discovery in an employment discrimination or retaliation case" and rejecting argument that defendant need only produce "evidence regarding the individuals [plaintiff] has identified as comparators"); see also Brown v. New York City Dep't of Educ., No. 20-CV-2424 (VEC) (OTW), 2021 WL 4943490, at *9 (S.D.N.Y. Aug. 31, 2021), report and recommendation adopted, 2021 WL 4296379 (S.D.N.Y. Sept. 20, 2021) (at the pleading stage, "plaintiff can raise

2

an inference of discrimination by demonstrating the disparate treatment *of at least one* similarly situated employee outside her protected group") (italics added).

In short, Defendants are hereby directed to produce base salary information for all Senior Account Directors in the New York area in 2022.

Plaintiff also requests an award of costs and fees for raising the dispute related to Mr. Fernandes' deposition and conducting the reopened deposition under Federal Rule of Procedure 30(d)(2). ECF No. 85. Defendants oppose, arguing that sanctions are unwarranted. ECF No. 87 at 2. FRCP 30(d)(2) states that the Court "may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). "To impose sanctions, a Court need not find that a party acted in bad faith, [r]ather, the only requirement for sanctions is that the fair examination of the deponent was frustrated, impeded, or delayed." Cordero v. City of New York, No. 15-CV-3436 (JBW) (CLP), 2017 WL 2116699, at *5 (E.D.N.Y. May 12, 2017) (internal quotation marks and citation omitted). "The decision to impose sanctions is at the discretion of the court." Edwards v. Wilkie, No. 16-CV-8031 (LTS) (OTW), 2019 WL 5957171, at *2 (S.D.N.Y. Nov. 13, 2019) (citation omitted).

An award of sanctions is not appropriate here. Although many of the objections by counsel were improper, the record does not demonstrate that counsel's conduct materially impaired the deposition of Mr. Fernandes. See Cameron Indus., Inc. v. Mothers Work, Inc., No. 06-CV-1999 (BSJ) (HBP), 2007 WL 1649856, at *5 (S.D.N.Y. June 6, 2007) (declining to award sanctions where counsel's conduct did not "destroy[ ] either deposition" or "frustrat[e] the fair examination of the deponents" and there was no "material impairment" of the deposition);

Severstal Wheeling Inc. v. WPN Corp., No. 10-CV-954 (LTS) (GWG), 2012 WL 1982132, at *3 (S.D.N.Y. May 30, 2012) (declining to award sanctions where conduct violated Rule 30 but "was not extreme"). The deposition was not terminated, and Plaintiff was able to obtain substantive testimony, rendering the deposition "not completely wasted." Cordero, 2017 WL 2116699, at *7.

The Clerk of the Court is respectfully directed to terminate the letter motions at ECF Nos. 77 and 78.

**SO ORDERED.**

DATED:    New York, New York
          December 29, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge

4