UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KAITLIN LALLY,

                       Plaintiff,                            23-CV-10293 (MKV) (VF)

        -against-                                  **ORDER**

KLICK USA INC. d/b/a KLICK HEALTH et al.,

                        Defendants.

-----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

Following the Court's December 29, 2025 order, Defendants produced to Plaintiff a table identifying 11 Senior Account Directors and their respective salaries for the relevant time period. Plaintiffs now seek certain follow-up information pertaining to that table. See ECF No. 100. As discussed at the conference on February 10, 2026, Defendants have agreed to produce offer letters and letters showing an increase in compensation for the identified comparators in the table previously produced to Plaintiff. This agreement moots the request by Plaintiff in her letter for "the underlying business records on which the table is based." Id. at 1. Plaintiff also seeks the resumes for the identified comparators and an answer to a supplemental interrogatory. Id.

Plaintiff is entitled to this information for several reasons. First, the resume of the potential comparators is relevant to Plaintiff's pay disparity claim as it can show whether the proposed comparators are similarly situated to Plaintiff. See Ani v. IMI Sys., Inc., 2002 WL 1888873, at *11 (S.D.N.Y. Aug. 15, 2002) (reviewing resumes of plaintiff and comparators to conclude that "proposed comparators were not similarly situated" to plaintiff). Second, Plaintiff has already been provided the resume of one comparator and collecting the resumes of the approximately 29 remaining comparators would not be unduly burdensome to Defendants. Such

1

documents, often referred to as "go get" documents, can be obtained without a cumbersome ESI search by, for example, looking at each comparator's personnel file. Likewise, Defendants have not proffered a basis for concluding that answering an additional targeted interrogatory would be unduly burdensome. Third, Plaintiff requested comparator-related discovery prior to the close of fact discovery, but did not obtain the identity of the comparators until after the close of fact discovery, preventing Plaintiff from asking, during the deposition of relevant witnesses, questions to ascertain whether the proposed comparators belonged to the protected class.

Finally, Defendants argue that the production of documents now sought by Plaintiff was already addressed and rejected by Judge Vyskocil in her December 1, 2025 order. See ECF No. 100 at 2. It is not apparent from the letter submission to Judge Vyskocil and her subsequent order that Judge Vyskocil addressed the request now made by Plaintiff. Instead, it appears from the parties' respective positions in their letter, that Defendants had objected to Plaintiff's request "seeking companywide compensation data without regard to location, department, manager, tenure, experience, or any other potentially relevant factor." Id. at 3. Defendants argued that Plaintiff's complaint focused on a "single alleged comparator" and Defendants had already produced information concerning that one comparator. Id. Defendants thus argued that Plaintiff's request for "all compensation files, job descriptions, and recruitment materials for every Senior Account Director across all Klick locations" was "untethered to Plaintiff's allegations, overbroad, and exceeds the scope of what is relevant or proportional." Id. at 4. In response to those arguments, Judge Vyskocil ordered Defendants to produce "the base-salary figures for Senior Account Directors located in New York who reported to Plaintiff's former manager, Erin Bouldin, during the relevant 2022 time period." ECF No. 76 at 5. It thus appears that Judge

2

Vyskocil was focused on narrowing Plaintiff's request for companywide compensation data without regard to location and department or manager, and did not consider or address the requests made by Plaintiff now.

For the reasons discussed herein, Defendants are hereby directed to provide the information to Plaintiff discussed herein. The Clerk of the Court is respectfully directed to terminate the letter motion at ECF No. 100.

**SO ORDERED.**

DATED:      New York, New York
            February 10, 2026


_____
VALERIE FIGUEREDO
United States Magistrate Judge